[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Gregory Williamson, was convicted of two counts of theft pursuant to R.C. 2913.02(A)(3). The trial court sentenced him to ten months' incarceration on each count, to be served consecutively. In his sole assignment of error, Williamson contends that the trial court erred in imposing consecutive sentences because the court did not comply with the sentencing guidelines and because the evidence did not support the sentences imposed. This assignment of error is not well taken.
An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the evidence or that it is contrary to law.State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Our review of the record shows that the trial court specifically found that consecutive sentences were necessary in this case to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger he imposed to the public, as required by R.C.2929.14(E)(4). The court further found that Williamson's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime, pursuant to R.C.2929.14(E)(4)(c). Consequently, the court made the appropriate findings to support the imposition of consecutive sentences. SeeState v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported. These findings were based on Williamson's lengthy criminal history of theft and other types of offenses, as well as the advanced ages of the victims. Under the circumstances, we cannot say that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law. See State v. Davenport (July 30, 1999), Hamilton App. No. C-980516, unreported; State v.Gowdy (June 26, 1998), Hamilton App. No. C-970539, unreported. Accordingly, we overrule Williamson's sole assignment of error, and we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge